IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL HENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3162 |
| | ) | |
| OPPENHEIMERFUNDS, INC., | ) | |
| a New York corporation, | ) | |
| OPPENHEIMERFUNDS | ) | |
| DISTRIBUTOR, INC., | ) | |
| a New York corporation, and | ) | |
| ANGELO MANIOUDAKIS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Plaintiff Paul Hendricks' Objection to Removal and Motion to Remand (d/e 8). The only issue is whether the case meets the amount in controversy requirement for diversity removal jurisdiction. 28 U.S.C. § 1441(a). For the reasons set forth below, the Court finds that the Defendants established that the amount exceeds $75,000.00. The Motion is denied.

On June 14, 2010, Hendricks filed a five-count complaint against the Defendants in Sangamon County, Illinois, Circuit Court. Hendricks alleges

that the Defendants engaged in various wrongful conduct that induced him to invest $67,000.00 in the Oppenheimer Core Bond Fund and caused him to lose "in excess of $29,000 plus loss of interest."  Notice of Removal (d/e 1), Exhibit 1, Complaint, ¶¶ 39, 50.  Hendricks brought claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Deceptive Practices)(Count I); violation of the Illinois Securities Law (Securities Law)(Count II); common law fraud (Count III); negligent misrepresentation (Count IV); and negligent supervision (Count V).  Deceptive Practices Act, 815 ILCS 815/505 et seq.; Securities Law, 815 ILCS 5/1 et seq.  Hendricks alleged that the Defendants acted intentionally and fraudulently.  Complaint, ¶¶ 46, 50.  Hendricks prayed for compensatory damages and attorney fees in all Counts, and punitive damages in Counts I, II, and III.  Complaint, at 13, 16, 17, 18, and 19.  On June 22, 2010, counsel for Defendants agreed to accept service of the Complaint on behalf of the Defendants.  Notice of Removal, ¶ 2.

On July 8, 2010, Defendants removed this matter to this Court.  Id.  The Defendants stated that this Court had diversity removal jurisdiction because Hendricks is a citizen of Illinois, the Defendants are citizens of New York and Massachusetts, and the amount in controversy exceeds

$75,000.00.  Id. ¶¶ 9-20; 28 U.S.C. §§ 1332 and 1441.  The Defendants stated that the amount in controversy exceeded $75,000.00 based on the alleged $29,000.00 in losses plus the prayers for punitive damages and attorney fees.  Id., ¶ 19.  Hendricks now asks for remand.  He disputes whether the amount in controversy exceeds $75,000.00.  He does not challenge the removal on any other grounds.

## ANALYSIS

The amount in controversy is the amount required to satisfy the Plaintiff's claims in full on the day the suit begins, or if the matter is removed, on the date of removal.  Oshana v. Coca-Cola Co., 472 F.3d 506, 510 (7th Cir. 2006).  The Defendants bear the burden of showing that a preponderance of the evidence suggests that the amount in controversy requirement is met.  Id. at 511.  The Defendants may rely on Hendricks' allegations in the Complaint as evidence of the amount in controversy.  Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).  The Defendants may also present additional evidence.  Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006).  Where a claim for punitive damages is included to reach the jurisdictional amount, the Court must determine whether punitive damages are recoverable as a matter of law.  LM

Ins. Corp. v. Spaulding Enterprises, Inc., 533 F.3d 542, 551 (7th Cir. 2008).

The Defendants have met their burden. Hendricks alleged that he lost at least $29,000.00 on his investment. The Defendants have submitted evidence to confirm that Hendricks lost $29,000.00 on his investment. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand (d/e 13), Exhibit 1, Declaration of Mitchell J. Lindauer. Hendricks also alleged that the Defendants acted fraudulently, and he prayed for punitive damages under the Deceptive Practices Act, the Securities Law, and common law fraud. Punitive damages are available on all of these claims. E.g., Dubey v. Public Storage, Inc., 395 Ill.App.3d 342, 918 N.E.2d 265, 279-80 (Ill.App. 1st Dist. 2009) (Deceptive Practices Act); Anvil Inv. Ltd. Partnership v. Thornhill Condominiums, Ltd., 85 Ill.App.3d 1108, 407 N.E.2d 645, 653 (Ill.App. 1st Dist. 1980) (Securities Law); Gehrett v. Chrysler Corp., 379 Ill.App.3d 162, 882 N.E.2d 1102, 1115 (Ill.App. 2d Dist. 2008) (fraud). The $29,000.00 in compensatory damages supports the suggestion that the amount at stake on the total claim, including punitive damages and attorney fees, exceeds the jurisdictional sum of $75,000.00. See Countrywide Home Loans, Inc. v. Stewart Title Guar. Co., 2007 WL 906154, at *4 (E.D.Wis. 2007) (claim of $25,000.00 in

4

compensatory damages supports the conclusion that an available punitive damage claim puts more than $75,000.00 at stake); see also Oshana, 472 F.3d at 512 (plaintiff's refusal to admit that she would not seek more than $75,000.00 in damages "makes it plausible that more than $75,000 was at stake.").

Hendricks argues that the Defendants must prove the amount of punitive damages at stake. Hendricks misstates the burden. The Defendants must prove that a preponderance of the evidence suggests that the amount in controversy, which is the total amount at stake to the parties, exceeds the jurisdictional amount. Oshana, 472 F.3d at 510; Meridian, 441 F.3d at 540-41. Hendricks alleged that the Defendants acted intentionally and fraudulently. He alleged that he lost $29,000.00 as a result of the Defendants' intentional fraudulent conduct. If Hendricks can prove these allegations, he may be able to recover punitive damages. The alleged $29,000.00 loss supports the suggestion that an award of punitive damages in this case would be significantly more that the $46,001.00 needed to meet the jurisdictional amount.

Hendricks relies heavily on the decision in Morales v. Fagen, Inc., 654 F.Supp.2d 863 (C.D.Ill. 2009). The defendant in Morales also removed

that case to federal court based on diversity. The Morales defendant also relied on a punitive damage claim to meet the jurisdictional amount. The court remanded the case because the defendant failed to meet its burden of proof. In Morales, however, the plaintiff did not allege the dollar value of the damages that he suffered, and the defendant did not present any evidence of the value of the damages claimed by the plaintiff. Without any evidence of the possible compensatory award, the Court had no basis to evaluate the total amount at stake. Morales, 654 F.Supp.2d at 873. Here, Hendricks alleged $29,000.00 in losses and the Defendants submitted evidence to confirm the amount of the loss. Based on that evidence, the Court can evaluate whether the total amount at stake meets the jurisdictional requirement.

THEREFORE, Plaintiff Paul Hendricks' Objection to Removal and Motion to Remand (d/e 8) is denied. Pursuant to the Agreed Order entered August 3, 2010 (d/e 12), the ruling of the United States District Court for the Northern District of Illinois on Defendants' motion to transfer in the matter of Ballotti v. OppenheimerFunds, Inc., 10 CV 50116, shall be binding on the parties in this case. The parties are directed to notify the Court of the decision in Ballotti on the motion to transfer, and if the motion

to transfer is granted, file an appropriate motion to transfer in this case. Defendants are further directed to respond to the Complaint by October 15, 2010.

ENTERED this 15th day of September, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

7